UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MELISSA LOPEZ-BLASSER,

    Plaintiff,

vs.

1800ACCOUNTANT, LLC, a Foreign
Limited Liability Company,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MELISSA LOPEZ-BLASSER ("Ms. Lopez-Blasser" or "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the Defendant, 1800ACCOUNTANT, LLC. ("Defendant"), and alleges the following:

1. Plaintiff brings these claims for sex based discrimination, sexual harassment, and retaliation in violation of Title VII and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

**JURISDICTION**

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, pursuant to Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her Title VII claims.

4. The actions giving rise to this lawsuit occurred in Pinellas County, Florida.

## CONDITIONS PRECEDENT

5. Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about November 22, 2019.

6. Plaintiff received her Right to Sue letter from the EEOC on September 29, 2020.

7. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

8. All conditions precedent to this action have been satisfied and/or waived.

## VENUE

9. Venue is proper because Defendant conducts substantial business in Pinellas County, Florida, and Plaintiff worked for Defendant in Pinellas County, Florida, where the actions at issue took place.

## PARTIES

10. During all times relevant, Plaintiff lived in Pinellas County, Florida.

11. Plaintiff is protected by Title VII/FCRA because:

    a. She was a female who suffered discrimination based on her sex by Defendant;

    b. She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being subjected to sexual harassment and discrimination, and for objecting to sex based discrimination and sexual

harassment; and

        c.     Defendant was at all material times an "employer" as defined by Title VII/FCRA as it employed in excess of fifteen (15) employees.

12.     Defendant is a foreign limited liability company that provides accounting services in, among other places, Pinellas County, Florida.

## GENERAL ALLEGATIONS

13.     Ms. Lopez-Blasser worked as a Tax Specialist for Defendant from October 25, 2018, until her termination on August 23, 2019.

14.     During her tenure, Ms. Lopez-Blasser had no significant history of performance, attendance, or disciplinary issues.

15.     Throughout her tenure, Ms. Lopez-Blasser was subjected to constant sexual harassment by her Manager, JT Keenen ("Mr. Keenen").

16.     Mr. Keenen regularly made inappropriate, explicit, sexual comments at Ms. Lopez-Blasser.

17.     On several occasions, Mr. Keenen sexually assaulted Ms. Lopez-Blasser by physically groping her inappropriately and even kissing her without her consent.

18.     In response, Ms. Lopez-Blasser attempted to distance herself from Mr. Keenen.

19.     However, Mr. Keenen reacted by threatening her with termination.

20.     After enduring months of sexual harassment and constant inappropriate behavior, Ms. Lopez-Blasser felt compelled to report Mr. Keenen's intolerable conduct to corporate.

21. On August 7, 2019, Ms. Lopez-Blasser objected to Defendant's corporate representative, Amy Gaspari ("Ms. Gaspari"), to being sexually harassed by Mr. Keenen.

22. Following her objection, it quickly became evident, from the manner in which the investigation took place, that Ms. Gaspari had a conflict of interest with Mr. Keenen.

23. As such, within two (2) days of Ms. Lopez-Blasser's objection to Ms. Gaspari, on August 9, 2019, Mr. Keenen confronted Ms. Lopez-Blasser and threatened her employment due to her foregoing objection to Ms. Gaspari.

24. Immediately, Mrs. Blasser reported the conversation to Ms. Gaspari and advised that she will not work around Mr. Keenen, especially after the retaliatory conversation that took place as a result of her objection.

25. Remarkably, Defendant sided with Mr. Keenen and attempted to convince Ms. Lopez-Blasser to sign a resignation letter.

26. In doing so, Defendant failed to cure the blatant hostile work environment caused by Mr. Keenen's pervasive sexual harassment.

27. As a result, Defendant constructively discharged Ms. Lopez-Blasser effective August 23, 2019.

28. A reasonable person in Ms. Lopez-Blasser's position would likewise have felt compelled to resign under the circumstances.

29. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive hostile working environment.

30. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

31. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

32. Plaintiff's discharge was due to the hostile work environment caused by the Defendant's acts of sex based discrimination, sexual harassment, and retaliation for Plaintiff's objections to Defendant's conduct in not taking prompt remedial measures to alleviate sexual harassment and retaliation as the law requires.

33. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

34. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, Defendant's failure to remedy the illegal conduct, and her constructive discharge, is sufficiently close to create the necessary nexus between the events.

35. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII/ FCRA.

36. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

37. Defendant did not have a subjective or objective good faith basis for its actions.

38. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEX DISCRIMINATION/SEXUAL HARASSMENT
## IN VIOLATION OF TITLE VII

39. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-38 of the Complaint, as if fully set forth in this Count.

40. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex-based discrimination and sexual harassment under Title VII.

41. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

42. Due to the severe and pervasive sex based discrimination and sexual harassment Defendant created a hostile work environment.

43. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future

45. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees,

declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT II**
**SEX DISCRIMINATION/SEXUAL HARASSMENT**
**IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**

46. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-38 of the Complaint, as if fully set forth in this Count.

47. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination and sexual harassment under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

48. The discrimination/harassment to which Plaintiff was subjected was severe and pervasive, and was based on her sex.

49. Due to the severe and pervasive sex-based discrimination and sexual harassment Defendant created a hostile work environment.

50. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

52. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

53. Plaintiff is entitled to recover reasonable attorneys' fees and litigation

expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

54. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-38 of the Complaint, as if fully set forth in this Count.

55. Plaintiff was constructively discharged within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

56. Plaintiff's objections constituted protected activity under Title VII.

57. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

58. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

59. Defendant's stated reasons for Plaintiff's discharge are a pretext.

60. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish,

loss of enjoyment of life, and other non-pecuniary losses.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the Title VII.

62. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

63. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

64. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

66. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-38 of the Complaint, as if fully set forth in this Count.

67. Plaintiff was constructively discharged within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her sex and subjected to sexual harassment.

68. Plaintiff's objections constituted protected activity under FCRA.

69. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be sex discrimination and sexual harassment.

70. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

71. Defendant's stated reasons for Plaintiff's discharge are a pretext.

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sex discrimination and sexual harassment under the FCRA.

74. Defendant retaliated against Plaintiff because of her opposition to Defendant's illegal, discriminatory conduct.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of

Defendant which have caused, and continue to cause, irreparable harm.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 23rd day of October, 2020.

By: **/s/ Noah Storch**
Noah Storch, Esq.
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorney for the Plaintiff*